# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL COLNA,

    Plaintiff,

v.                             CASE NO.:

NATIONAL DISTRIBUTION CENTERS, LLC,

    Defendant,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL COLNA, (hereinafter "Plaintiff" or "Mr. Colna"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, NATIONAL DISTRIBUTION CENTERS, LLC (hereinafter "Defendant," "NDC," or "Company") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on age and disability, and retaliation in violation of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA") and its implementing Regulations; Chapter 760 of the Florida

Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"); and Florida Statute § 440.205 prohibiting workers' compensation retaliation.

2.    As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, altered the terms, conditions, and privileges of his employment because of his age and disability, and retaliated against him for engaging in protected activity including filing a workers' compensation claim, in violation of his rights under the ADA, the FCRA, and Florida workers' compensation law.

3.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including, but not limited to: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Polk County, Florida.

## PARTIES

8.     Plaintiff is a 59-year-old male.

9.     Plaintiff is a member of a class protected against discrimination and retaliation based on his disability under the Americans with Disabilities Act ("ADA"), Chapter 760 of the Florida Statutes, the Florida Civil Rights Act ("FCRA"), and Florida Statute § 440.205 prohibiting workers' compensation retaliation.

10.     During the period from September 29, 2024, until December 2, 2024, Defendant employed Plaintiff as a Forklift Operator/Driver at its facility located at 350 Sandra Jackson Road, Auburndale, Florida 33823.

11.     At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.     At all times material herein, Plaintiff was an employee entitled to protection as defined by the ADEA, the ADA, the FCRA, and Florida workers' compensation law.

13.     The Defendant, NATIONAL DISTRIBUTION CENTERS, LLC, is a limited liability company with its corporate headquarters located at 2 Cooper Street, Camden, New Jersey 08102, and operates a facility at 350 Sandra Jackson Road, Auburndale, Florida 33823, in Polk County, Florida.

14.     Defendant operates over 70 million square feet of contract and public warehousing space throughout North America and provides warehousing and warehouse-related services to manufacturers and retailers, employing over 9,000 employees nationwide.

15.     At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Polk County, Florida.

16.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the ADA, the FCRA, and Florida workers' compensation law.

17.     Accordingly, Defendant is liable under the ADA, the FCRA, and Florida workers' compensation law for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

18.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

19.     On December 19, 2024, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity

Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination, and retaliation.

20.    On July 1, 2025, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charge of Discrimination (EEOC Charge No. 511-2025-01069) against Defendant.

21.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

23.    On September 29, 2024, Defendant hired Plaintiff as a Forklift Operator/Driver at its facility located at 350 Sandra Jackson Road, Auburndale, Florida 33823, at an hourly wage of $19.50 per hour.

24.    Plaintiff's job duties required him to work across three warehouses, necessitating extensive walking and climbing two flights of stairs throughout his shifts. Plaintiff reported directly to Lisa Rodriguez, who served dual roles as both his supervisor and HR contact.

25.    Plaintiff maintained a clean disciplinary record with no write-ups or performance issues throughout his employment with Defendant.

26.    On November 18, 2024, Plaintiff was involved in a workplace accident when fellow employee Taurus Alexander, while operating a forklift carrying two pallets, misjudged the available space and made contact with a pallet Plaintiff was working with, causing Plaintiff to stumble and fall.

27.    As a result of this workplace accident, Plaintiff sustained injuries to his foot, ankle, side, shoulder, and arm. Plaintiff continues to experience ongoing symptoms including "tinglies" in his upper body as a result of these injuries.

28.    Defendant's own management acknowledged that the accident was "the other guy's fault," referring to Taurus Alexander's role in causing the incident.

29.    Following the accident, Plaintiff was required to search through two warehouses and climb stairs to the upstairs office while injured in order

to locate his supervisor, Curtis Wilder, to report the accident. This search took over an hour due to Plaintiff's injuries and the extensive nature of Defendant's facility.

30.    When Plaintiff finally located Supervisor Wilder, he reported the accident over an hour after it had occurred. Both Plaintiff and Taurus Alexander were subsequently found to have violated Defendant's Power Industrial Truck Crash Occurrence Policy ("PITCO Policy") for failing to immediately report the accident.

31.    Despite Plaintiff's injured condition, Defendant required him to complete extensive paperwork related to the accident and forced him to watch surveillance footage of the actual accident multiple times (2-4 times) while he was in medical distress.

32.    General Manager Eric Steck reviewed the surveillance footage and determined that Plaintiff had reported the accident over an hour after it occurred, contrary to Plaintiff's initial estimate of twenty minutes.

33.    The process of completing the accident-related paperwork and watching the surveillance footage took over an hour just to locate the correct time on the video, with all management present, and the entire process extended past 4:00 PM.

34.    Initially, Defendant's management told Plaintiff "don't worry about nothing. We're going to take care of everything. We're going to have workman's comp take care. None of this was your fault."

35.    Plaintiff sought medical treatment through Defendant's workers' compensation program and was treated by Dr. Jonathan Quinonez. During the course of this treatment, X-rays revealed that Plaintiff had a serious medical condition: a 5.7 aneurysm with a blood clot in his lower back.

36.    Around Black Friday 2024, Dr. Quinonez contacted Plaintiff at 4:00 AM via text message stating "you got a 5.7 aneurysm. You need to be in the hospital like yesterday."

37.    Plaintiff was subsequently hospitalized at Lakeland Regional Hospital for treatment of his aneurysm. However, Defendant's workers' compensation carrier only approved treatment "from waist down" and never approved treatment for Plaintiff's shoulder and arm injuries sustained in the workplace accident.

38.    Defendant delayed sending Plaintiff to physical therapy for "well over a month" and initially only provided remote diagnosis services through "Teladoc" rather than proper in-person medical evaluation and treatment.

39.    During his employment, Plaintiff had enrolled in Defendant's health insurance plan with a scheduled start date of December 1, 2024. However, due to Defendant's failure to pay the premiums despite Plaintiff's payment for coverage, Plaintiff's health insurance was delayed until January 1, 2025.

40.    On December 1, 2024, Plaintiff underwent surgery for his aneurysm believing he had health insurance coverage through Defendant. However, Plaintiff later discovered that he had no insurance coverage due to Defendant's failure to properly process his enrollment, resulting in significant unexpected medical bills.

41.    On December 2, 2024, while Plaintiff was hospitalized and preparing for surgery, Defendant terminated his employment. The termination was communicated via telephone call by "Tom," an HR representative from Defendant's Tampa office.

42.    The stated reason for Plaintiff's termination was "We are going to part ways because you took too long to report an injury." Occupational Health and Safety Manager Percy Perez made the termination decision.

43.    Plaintiff responded to the termination by stating "You will be hearing from my lawyer."

44.    As a result of his termination, Plaintiff lost not only his wages but also his health insurance coverage, AFLAC benefits including $20,000 in critical illness coverage, and other employment benefits, all while facing serious medical issues requiring ongoing treatment.

45.    Defendant's actions in terminating Plaintiff while he was hospitalized for a serious medical condition discovered through workplace injury treatment, combined with the failure to provide proper insurance coverage, demonstrate a pattern of discrimination and retaliation based on Plaintiff's age, disability, and his filing of a workers' compensation claim.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Discrimination Based on Disability
### 42 U.S.C. §§ 12101-12213

46.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.    Plaintiff is disabled within the meaning of the ADA as a result of his workplace injuries and subsequent medical conditions, including his aneurysm and ongoing physical limitations.

48.    Defendant discriminated against Plaintiff based on his disability

by terminating him while he was hospitalized for treatment of his serious medical condition.

49.    Defendant failed to engage in the interactive process to determine reasonable accommodations for Plaintiff's disabilities.

50.    Defendant's actions constitute unlawful discrimination based on disability in violation of the ADA.

**WHEREFORE**, the Plaintiff, Plaintiff, MICHAEL COLNA, demands judgment against Defendant and requests the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, discriminating against Plaintiff based on his disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.    Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Retaliation
### 42 U.S.C. §§ 12101-12213

51.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

52.    Plaintiff engaged in protected activity under the ADA by seeking medical treatment for his workplace injuries and requesting accommodations for his disabilities.

53.    Defendant retaliated against Plaintiff for engaging in protected activity by terminating his employment while he was hospitalized.

54.    Defendant's retaliatory conduct violates the ADA.

**WHEREFORE**, the Plaintiff, MICHAEL COLNA, demands judgment against Defendant and requests the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations by retaliating against Plaintiff for engaging in protected activity;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to the ADA;

D.    Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.     Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Discrimination Based on Disability
### Florida Statutes §§ 760.01-11

55.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

56.     Plaintiff is disabled within the meaning of the FCRA because of his workplace injuries and subsequent medical conditions.

57.     Defendant discriminated against Plaintiff based on his disability in violation of the FCRA by terminating him while he was hospitalized for treatment of his serious medical condition.

58.     Defendant's actions constitute unlawful discrimination based on disability in violation of the FCRA.

**WHEREFORE**, the Plaintiff, MICHAEL COLNA, demands judgment against Defendant and requests the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his disability;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.   Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.   Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff his attorneys' fees, including litigation expenses,

        and the costs of this action; and

G.      Grant such other and further relief as this Court may deem

        equitable, just, and proper.

## COUNT IV
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Retaliation
### Florida Statutes §§ 760.01-11

59.     Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 45 of this

Complaint as though fully set forth herein.

60.     Plaintiff engaged in protected activity under the FCRA by

seeking medical treatment for his workplace injuries and requesting

accommodations for his disabilities.

61.     Defendant retaliated against Plaintiff for engaging in protected

activity by terminating his employment while he was hospitalized.

62.     Defendant's retaliatory conduct violates the FCRA.

**WHEREFORE**, the Plaintiff, MICHAEL COLNA, demands judgment

against Defendant and requests the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for engaging in protected activity;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation he has endured;

C.   Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.   Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
## VIOLATION OF FLORIDA WORKERS' COMPENSATION RETALIATION STATUTE
### Florida Statutes § 440.205

63.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

64.     Plaintiff engaged in protected activity under Florida Statute § 440.205 by filing a workers' compensation claim following his workplace injury on November 18, 2024.

65.     Defendant retaliated against Plaintiff for filing his workers' compensation claim by terminating his employment on December 2, 2024, while he was hospitalized for treatment related to his workplace injury.

66.     Defendant's retaliatory conduct violates Florida Statute § 440.205.

**WHEREFORE,** the Plaintiff, MICHAEL COLNA, demands judgment against Defendant and requests the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Florida Statutes § 440.205 by retaliating against Plaintiff for filing a workers' compensation claim;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the retaliation he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions;

D.    Award Plaintiff all other damages available under Florida Statutes § 440.205, including, but not limited to, the damages set

forth above and other economic losses proximately caused and

allowable under the statute, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff his attorneys' fees, including litigation expenses,

and the costs of this action; and

G.      Grant such other and further relief as this Court may deem

equitable, just, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff respectfully requests a trial by jury.

Date this 19th day of August 2025.

>                          */s/ Jason W. Imler, Esq*
>                          Jason W. Imler
>                          Florida Bar No. 1004422
>                          Alberto "Tito" Gonzalez
>                          Florida Bar No. 1037033
>                          **Imler Law**
>                          23110 State Road 54, Unit 407
>                          Lutz, Florida 33549
>                          (P): 813-553-7709
>                          Jason@ImlerLaw.com
>                          Tito@ImlerLaw.com
>                          Ashley@ImlerLaw.com
>                          Tiffany@ImlerLaw.com